. **Frank EVERSOLE, Plaintiff-Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant-Appellee.**

No. 16-35035

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 25, 2017

Frank Eversole, Pro Se

Paul Andrew Allulis, Teresa Ellen McLaughlin, Attorney, Yael Bortnick, DOJ—U.S. Department of Justice, Tax Di-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

vision/Appellate Section, Washington, DC, Sherra Wong, DOJ—U.S. Department of Justice, Washington, DC, for Defendant-Appellee

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM ***

Frank Eversole appeals pro se from the district court's judgment dismissing his action alleging that the Internal Revenue Service illegally levied his Social Security disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 849 (9th Cir. 2016). We affirm.

The district court properly dismissed Eversole's action because the Internal Revenue Service has the authority to levy Eversole's Social Security disability insurance benefits. *See* 26 U.S.C. § 6334(a) (enumerating property exempt from levy for taxes); *id.* § 6334(c) (providing that no other property is exempt from levy other than property enumerated in subsection (a)); *see also id.* § 6331(a) (Secretary has the power to levy property and rights to property if a person is liable for unpaid taxes, and federal payments can be levied).

We do not consider matters not specifically and distinctly raised and argued at the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).